IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

**KONECRANES, INC.**
**4505 Gateway Blvd.**
**Springfield, Ohio 45502**

      **Plaintiff,**

**v.**

**ALLIED ENGINEERING &**
**PRODUCTION CORPORATION**
**2421 Blanding Avenue**
**Alameda, California 94501**

**C/O**

**SHARON L. MILLER**
**Statutory Agent**
**2421 Blanding Avenue**
**Alameda, California 94501**

      **Defendant.**

Case No. 3:12-cv-186

Judge

## COMPLAINT FOR DAMAGES

Now comes Plaintiff, Konecranes, Inc. ("Konecranes"), by and through undersigned counsel, and for its Complaint for Damages against Defendant Allied Engineering & Production Corporation ("Allied"), states as follows:

## PARTIES

1. Konecranes is a Texas corporation registered with the Secretary of State of Ohio and maintains its principal place of business in Springfield, Ohio.

2. Allied is a California corporation registered with the Secretary of State of California and maintains its principal place of business in Alameda, California.

## JURISDICTION AND VENUE

3. This action arises from a contract formed and executed in Springfield, Ohio. The parties to the contract stipulated that any action arising from the contract shall be litigated in any state or federal court with jurisdiction over Clark County, Ohio.

4. Jurisdiction is proper in this Court under the provisions of 28 U.S.C. § 1332(a)(1) as this is an action between citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391 as the subject contract was entered into in this judicial district and Allied is subject to personal jurisdiction in this district.

## FACTS

6. On or about March 21, 2011, Konecranes and Allied entered into a contract whereby Allied agreed to purchase from Konecranes a 50 ton Double Girder Crane (hereinafter "Crane"). The purchase price of the Crane was $99,411.00. (See Purchase Order, a copy of which is attached hereto as Exhibit "A")

7. Attached to the Purchase Order was a proposal prepared by Konecranes in which details of the Crane, including technical specifications, pricing summary and delivery terms, are listed. (See Proposal, attached as Exhibit "B")

8. The Proposal specifies that that 25% of the purchase price is required as a down payment and the remaining 75% of the purchase price is due when the Crane is ready for delivery. (Exhibit "B")

9. As set forth in the Purchase Order, the estimated date the Crane would be ready for delivery was June 30, 2011. (Exhibit "A")

10. The Proposal includes a "Customer Acceptance" provision which requires the signature of an authorized representative of Allied. The Proposal was signed by Jennifer Cirimele, a representative of Allied.  (Exhibit "B")

11.  The Customer Acceptance provision unambiguously provides that the Proposal is "subject to Konecranes terms and conditions as attached."  (Exhibit "B")

12. The Standard Terms and Conditions attached to the Proposal specifically provide that in the event of an unpaid invoice, a late charge of 18% per annum is assessed on the Buyer.  The Buyer also is required to reimburse Konecranes for any and all expenses, including attorney fees, incurred by Konecranes in the enforcement of the terms of the contract.  (See Standard Terms and Conditions of Sale, attached hereto as Exhibit "C")

13. Upon receipt of the Purchase Order and Proposal, Konecranes manufactured the Crane and prepared it for shipment and delivery.

14. In spite of many requests and demands from Konecranes for payment, Allied has failed to make any of the required payments specified in the Purchase Order and Proposal.

15. Konecranes has incurred significant expense in storing the Crane and preparing it for delivery and shipment.

## COUNT I
## SPECIFIC PERFORMANCE

16. Konecranes incorporates the preceding paragraphs as if fully rewritten herein.

17. The Purchase Order and Proposal entered into by Konecranes and Allied constitutes a valid and binding contract whereby Konecranes agreed to manufacture, and Allied agreed to purchase, a 50 ton crane built specifically for Allied.

18. The terms and conditions of the contract are unambiguous and are the result of arms-length negotiation between two business entities.

19. Konecranes has fulfilled all duties and obligations under the contract.

20. Allied has failed to make payment to Konecranes as required by the contract.

21. Given the unique and custom manufacture of the Crane, it is unlikely that Konecranes can find a suitable buyer on the open market for the price and terms agreed upon by the parties to the contract.

22. Because an adequate remedy at law may not be available, Konecranes is entitled to the equitable remedy of specific performance, to wit, payment by Allied of the contract price of the Crane, plus contractual and consequential damages resulting from Allied's breach, and Allied's acceptance of delivery of the Crane.

### COUNT II
### MONEY DAMAGES FOR BREACH OF CONTRACT

22. Konecranes incorporates the preceding paragraphs as if fully rewritten herein.

23. Konecranes has fulfilled all obligations under the subject contract, including the manufacture of a crane built specifically for Allied.

24. Allied has failed to make payment to Konecranes as required by the contract.

25. In the event this Court determines that an adequate legal remedy exists, Konecranes seeks damages for Allied's breach as follows: the contract price of the Crane, less any amount Konecranes recovers from an alternative buyer; interest at the rate of 18% per annum; attorney's fees; the costs of this lawsuit; and all other consequential damages flowing from the breach, including cost of storage, maintenance and delivery of the Crane.

**WHEREFORE**, Konecranes respectfully requests that judgment be granted in favor of Konecranes and against Allied.  Konecranes seeks an Order requiring Allied to perform its obligations under the contract, including the payment of Ninety-Nine Thousand Four Hundred Eleven Dollars ($99,411.00), plus interest at the rate of 18% per annum from June 30, 2011, payment of consequential damages, including cost of storage, maintenance and delivery of the Crane, and payment of Konecranes' attorney fees and the costs of this lawsuit.

Alternatively, Konecranes seeks money damages, including the contract price of the Crane, less any amount recovered, if any, from an alternative buyer, plus interest, fees, costs and all consequential damages resulting from Allied's breach.

Respectfully submitted,

*/s/ Todd A. Brenner*
Todd A. Brenner (0051839)
**Brenner Hubble**
555 Metro Place North
Suite 225
Dublin, Ohio 43017
Phone  614.799.2222
Fax     614.799.2370
todd@brennerhubble.com
*Attorney for Konecranes*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

*/s/ Todd A. Brenner*
Todd A. Brenner